**Rotunno v. Horace Mann Life Insurance Company**

C.P. of Lawrence County, no. 10949 of 2005, C.A.

*Louis M. Perrotta,* for plaintiff.

*Brian P. Downey,* for defendant.

HODGE, *J.,* January 17, 2007—Before the court for consideration are the preliminary objections filed by the defendant, Horace Mann Life Insurance Company, to plaintiff Stefania Rotunno's complaint.

Rotunno has filed a complaint against the defendant, seeking money damages arising from a disability income protection coverage insurance policy issued by the defendant to her on November 1, 1991.

The complaint alleged that Rotunno, a 62-year-old woman employed as a teacher at a vocational school, became unable to work as a result of a knee disability due to sickness. Rotunno submitted a proof of claim form to Horace Mann, and Horace Mann approved Rotunno's claim for disability benefits for the time period from July 5, 2004 through August 31, 2004. By letter dated October 22, 2004, Horace Mann refused to pay long-term disability benefits to Rotunno as of September 1, 2004.

Rotunno has filed a four-count civil action complaint against Horace Mann, count number one being for breach of contract; count number two for unjust enrichment; count number three for bad faith; and count number four for fraud and deceit.

Horace Mann has filed preliminary objections to count number four in plaintiff's complaint, the argument being that plaintiff's claim for fraud and deceit is barred by the gist of action doctrine, which precludes plaintiff from recasting ordinary breach of contract claims into tort claims.

The "gist of the action" doctrine is designed to maintain the conceptual distinction between breach of contract

and tort claims. *eToll Inc. v. Elias/Savion Advertising Inc.,* 811 A.2d 10 (Pa. Super. 2002). When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the "gist" or gravamen of it sounds in contract or tort. *Yocca v. Pittsburgh Steelers Sports Inc.,* 806 A.2d 936 (Pa. Commw. 2002). The test is not limited to discrete instances of conduct; rather, the test is, by its own terms, concerned with the nature of the action as a whole. *American Guarantee and Liability Insurance Co. v. Fojanini,* 90 F. Supp.2d 615, 622 (E.D. Pa. 2000).

Plaintiff's response to the preliminary objections of the defendant, as set forth in her brief, are that Horace Mann encouraged her to purchase the insurance policy by fraud in the inducement: wrongful, fraudulent conduct that occurred prior to the policy purchase, external to the policy itself, and separate from the denial of benefits under the policy after purchase. See paragraphs 40, 41, 42, 43, and 44 of plaintiff's complaint.

"The essential elements of . . . cause of action for fraud or deceit are a misrepresentation, a fraudulent utterance thereof and intention to induce action thereby, justifiable reliance thereon, and damage[s] as a proximate result." See *Wilson v. Donegal Mutual Insurance Company,* 410 Pa. Super. 31, 40-41, 598 A.2d 1310, 1315 (1991).

The court's standard for review of the merits of the preliminary objections is as follows:

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint. The standard of review to be used in deciding such preliminary objections is also well settled:

"[A]ll material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer." *Vulcan v. United of Omaha Life Insurance Company,* 715 A.2d 1169, 1172 (Pa. Super. 1998).

Based upon the foregoing standard of review, and upon the court's review and analysis of count number four of plaintiff's complaint, alleging fraud and deceit, this court cannot say with certainty that no recovery is possible. As a result, the court will enter the attached order.

## ORDER

And now, January 17, 2007, this case being before the court for a resolution of defendant's preliminary objections to count number four of plaintiff's complaint, upon review of the preliminary objections, the briefs submitted by both parties, the appellate court cases cited in the attached opinion, and plaintiff's complaint, the defendant's preliminary objections to count number four of plaintiff's complaint are hereby dismissed.

The defendant shall have 20 days from the date of this order to file a responsive pleading to plaintiff's complaint in civil action.

The prothonotary shall properly serve notice of this order by regular mail or personal service upon counsel of record.